IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SETH SHORT,

    Plaintiff,

v.

PRO-SEAL INC., BRUCE McCARTNEY,
AND ROBERT SCHMITT, Jointly and severally,

    Defendants.

Hon.

Case No. 16-

---

**MANTESE HONIGMAN, P.C.**
Gerard V. Mantese (P34424)
gmantese@manteselaw.com
1361 E. Big Beaver Road
Troy, MI  48083
 (248) 457-9200
*Attorneys for Plaintiff*

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, by his attorneys, Mantese Honigman, P.C., and for his Complaint and Jury Demand, states as follows:

### INTRODUCTION

**A.**    **Overview Of The Allegations**

1. This case arises out of the wrongful, illegal, and willfully unfair and oppressive conduct perpetrated by the Defendants against Plaintiff.

2. As set forth more fully below, the Defendants have unlawfully abused and misused their position of control and power over Pro-Seal Inc. ("Pro-Seal") to benefit themselves to the detriment of Plaintiff.

3. In breach of their fiduciary duties and other obligations, the Defendants have frozen the minority shareholder out of the management of the business; removed Plaintiff as Manager of Operations; removed Plaintiff from sales, even though he was the top salesman in Alaska, withheld material financial information relative to the company, its earnings, and its operations; improperly terminated Plaintiff's employment without basis, in breach of contract; and failed to comport with the high standard of fiduciary conduct to which they are bound in a variety of ways that are illegal, fraudulent, and willfully unfair and oppressive.

4. The Defendants have oppressed Plaintiff, giving rise to liability under the common law and the applicable statutes.

5. Plaintiff is entitled to the various remedies available at common law, as well as under the relevant statutes, including, but not limited to, injunctive relief, damages and a buy-out of Plaintiff's interests at fair value.

**B.** **Jurisdictional And Venue Allegations**

    **1.** **The Plaintiff**

6. Plaintiff Seth Short is a resident of the State of Alaska.

7. Plaintiff is a minority and non-controlling shareholder of Pro-Seal Inc., holding one-third of the outstanding shares.

### The Defendants

8. Defendant Pro-Seal Inc. is located in Michigan, incorporated under the laws of the State of Michigan, and has its principal place of business in Michigan.

9. Defendant Bruce McCartney is domiciled in Michigan.

10. Defendant Robert Schmitt is domiciled in Michigan.

11. The amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000 and the case is between citizens of different states.

13. Venue is properly laid in this Court, pursuant to 28 USC § 1391(a)(2), because a substantial part of the events giving rise to this claim occurred in the Eastern District of Michigan.

### GENERAL ALLEGATIONS

B. **Defendants Have Engaged In a Course Of Fraudulent, Illegal, and Willfully Unfair and Oppressive Conduct**

    1. **Defendants Withhold Information**

14. Defendants have engaged in an oppressive and fraudulent scheme to squeeze out Plaintiff.

15. Defendants have begun to withhold basic and critical company information from Plaintiff.

16. Defendants have cut off the flow of information, isolated Plaintiff, and kept him in the dark with respect to Pro-Seal's operational and financial details.

17. Defendants have cut Plaintiff off from access to critical software passwords, which had in the past allowed Plaintiff access to important accounting and financial information about the company of which he is an owner.

18. Plaintiffs have advised employees to discontinue reporting to Plaintiff.

## 2. **Defendants Have Frozen Plaintiff Out Of Management & Sales**

19. In an orchestrated series of actions, Defendants have begun to remove Plaintiff from management at the company.

20. Defendants even removed Plaintiff from sales, even though he is the most effective salesman in the Alaskan segment of the business.

21. In furtherance of their campaign, Defendants have removed Plaintiff as Manager of Operations, undermined him to employees, and destroyed his ability to make management and ownership decisions.

22. All of these actions have damaged the company and Plaintiff's shareholding interest in the company.

### 3. Defendants Terminate Plaintiff's Employment

23. In furtherance of their campaign to squeeze Plaintiff out of the Company, Defendants have terminated Plaintiff's employment with Pro-Seal, and have threatened to remove the financial benefits he receives from his substantial ownership stake in the Company.

24. Defendants' actions in terminating Plaintiff's employment have disproportionately affected and damaged Plaintiff as compared to Defendants.

## COUNT I
## ACTION BY SHAREHOLDER PURSUANT TO MCL § 450.1489

### A. Overview of MCL § 450.1489

25. Plaintiff restates and incorporates all prior allegations.

26. Since minority owners in closely held business entities cannot readily sell and trade their shares on the public markets, they are particularly susceptible to corporate abuse, or "oppression," by those in control of the entity.

27. The Michigan Court of Appeals has noted that a shareholder in a close corporation "is unable to escape an oppressive situation by dispensing with shares of ownership in the public arena." *Estes v IDEA Eng & Fabricating, Inc.*, 250 Mich App 270, 280 (2002).

28. In order to remedy this problem, the Michigan legislature added MCL 450.1489 to the Michigan Business Corporation Act to give a statutory cause of action to shareholders who are abused by controlling persons. Several years later, the legislature added an analogous provision, MCL 450.4515, to the Michigan Limited Liability Company Act.

29. Both statutes permit minority owners of business entities to bring direct actions against those in control who have engaged in conduct that is illegal, fraudulent, or willfully unfair and oppressive to the entity or to the shareholder or member.

30. "Control" may arise out of the defendant's ownership interest, voting power, seat on the Board of Directors, position as manager, by mere "agreement" or tacit complicity in the oppressive actions alleged by the plaintiffs, or any combination of these factors.

**B.    Defendants' Liability Under MCL § 450.1489**

31. Defendants are in control of Pro-Seal.

32. Defendants' control arise out of, *inter alia*, and as applicable, a majority ownership interest in the Company; their position as officers; their concerted efforts to oppress the Plaintiff; and their otherwise illegal exclusion of Plaintiff from the operations and benefits of the business.

33. As the persons in control of Pro-Seal, Defendants are required to adhere to a special duty of care in the operation of the company and to act fairly in the balancing of their personal interests against those of the other members, who are not in a control position, such as Plaintiff.

34. Defendants' position as the persons in control of Pro-Seal requires of them a strict standard of fiduciary responsibility; a standard more akin to a partnership, which connotes not mere honesty but the punctilio of an honor most sensitive.

35. Indeed, the law requires the majority in control of the Company – i.e. Defendants – to act in the utmost good faith in the control and management as to the minority shareholders, and it is the essence of this trust that it must be so managed so as to produce to each shareholder the best possible return on his or her investment.

36. Defendants have violated these, and other, principles by acting illegally, fraudulently, in a willfully unfair and oppressive manner, and in their own self-interest to the detriment of Plaintiff.

37. In violation of MCL § 450.1489, Defendants have engaged in the following pattern and practice of illegal, fraudulent, and willfully unfair and oppressive conduct, including, but not limited to:

   a. Withholding financial and other information from Plaintiff.

    b. Engaging in various fraud and fraudulent concealments, including by false and misleading statements to employees.

    c. Misrepresenting the financial condition of Pro-Seal.

    d. Refusing to produce corporate documents to Plaintiff.

    e. Failing to follow Company protocol.

    f. Depriving Plaintiff of any meaningful involvement in managing Pro-Seal, despite his one-third ownership and investment stake.

    g. Undercutting Plaintiff's authority at the company.

    h. Removing Plaintiff as Director of Operations and from sales.

    i. Maliciously, and in bad faith, engaging in a scheme to diminish Plaintiff's various rights as a shareholder of Pro-Seal.

    j. Engaging in acts with the intent to squeeze Plaintiff out of the company rather than provide him the fair share of his investment.

    k. Terminating Plaintiff's employment with the Company.

38. Defendants have acted out of greed and jealousy as Plaintiff has single-handedly generated greater profitability for the company in Alaska with half the employees, than have Defendants acting together in Michigan.

39. Indeed, Defendants coerced Plaintiff into a wholly unfair compensation system which greatly reduced Plaintiff's compensation for his stellar work in Alaska, and redistributed Plaintiff's bonus amounts to Defendants.

40. Defendants' actions in squeezing Plaintiff out of the company, purporting to remove him from management, isolating him, withholding financial

and other company information, removing him from sales, purporting to terminate him and/or constructively terminating his employment; threatening to further injure him financially, and slandering and libeling Plaintiff to employees, are illegal, fraudulent, willfully unfair and oppressive to Plaintiff and his shareholding interests in Pro-Seal.

41. Defendants' actions are willful, wanton and malicious, subjecting them to exemplary damages.

42. Defendants' actions have caused, and will continue to cause, significant monetary damages to Plaintiff in excess of $10 Million.

## COUNT II – BREACH OF CONTRACT

43. Plaintiff restates and incorporates all allegations set forth herein.

44. The parties entered into an employment agreement providing that Plaintiff would not be terminated from his employment absent just cause. Defendants are in possession of a copy of the agreement.

45. Defendants have breached the agreement by maliciously discharging and terminating, and/or by constructively discharging Plaintiff, without cause.

46. Defendants' breach will cause damages to Plaintiff in excess of $10 Million.

47. The agreement also provides for payment of Plaintiffs' attorney fees.

## COUNT III – BREACH OF FIDUCIARY DUTIES/USURPATION

48. Plaintiff restates and incorporates all allegations set forth herein.

49. In their capacity as the majority and controlling shareholders of Pro-Seal Inc., Defendants owe fiduciary duties directly to Plaintiff.

50. Among other things, Defendants' fiduciary duties prohibit them from dealing dishonestly and in an underhanded fashion with Plaintiff, and in ways that deprive Plaintiff of the value of his ownership interests.

51. Further, Defendants' fiduciary duties prohibit them from engaging in self-dealing to the detriment of their fellow members, without full disclosure and approval of such members.

52. Defendants have egregiously and maliciously breached the fiduciary duties they owe to Plaintiff.

53. Defendants' conduct has at all relevant times been willful, wanton, intentional, and malicious, and therefore warrants the imposition of exemplary damages.

54. Defendants' actions have caused, and will continue to cause, significant monetary damages to Plaintiff in excess of $10 Million.

WHEREFORE, as to all Counts alleged herein, Plaintiff respectfully request the following relief:

    a. Compensatory, actual, treble, incidental, consequential, exemplary and other damages to which he is entitled;

 b. All applicable remedies under MCL § 450.1489, including damages, a buy-out of his shares, injunctive relief, the sequestration of monies to which Plaintiff is entitled and removal of Plaintiff from all bonds, debts, and other company obligations;

 c. Repurchase of Plaintiff's shares in Pro-Seal through forced buyout by Defendants at fair value;

 d. Damages, including, in the form of lost enterprise or potential corporate value;

 e. Recoupment of all sums ill-gotten by Defendants;

 f. Disgorgement of all salaries and bonuses received by Defendants;

 g. Equitable, common law, and statutory interest;

 h. Attorney's fees, costs, expenses, and pre- and post-filing interest;

 i. All other appropriate legal, equitable, and injunctive relief.

Respectfully Submitted,

**MANTESE HONIGMAN, P.C.**
*Attorneys for Plaintiff*

By: s/Gerard V. Mantese
Gerard Mantese (P34424)
gmantese@manteselaw.com
1361 E. Big Beaver Road
Troy, MI 48083
(248) 457-9200

Dated: March 17, 2016

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

>Respectfully Submitted,
>
>**MANTESE HONIGMAN, P.C.**
>*Attorneys for Plaintiff*
>
>By:   s/Gerard V. Mantese
>Gerard V. Mantese (P34424)
>gmantese@manteselaw.com
>1361 E. Big Beaver Road
>Troy, MI  48083
>248-457-9200

Dated:  March 17, 2016